IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Whitney Grant Littleghost, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal No. 2:02-cr-84 |
| vs. | ) | Civil No. 2:05-cv-104 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

I. **INTRODUCTION**

Before the Court is a motion by petitioner, Whitney Grant Littleghost, pursuant to 28 U.S.C. § 2241 (criminal doc. #36). For the reasons set forth below, the motion is **RETURNED** to the petitioner for consideration of whether to withdraw or amend his motion.

II. **Background**

In December 2002, the government indicted Littleghost with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In December 2003, Littleghost pleaded guilty. In March 2004, he was sentenced to 86 months in prison. He did not appeal the sentence.

In September 2005, Littleghost petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, arguing his sentence was

unconstitutional in light of the Supreme Court's holding in United States v. Booker, 543 US 220 (2005), and Blakely v. Washington, 542 US 296 (2004). The petition was docketed as "MOTION Pursuant to 28 U.S.C. 2255" (doc. #36).

### III. Discussion

Littleghost petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. A prisoner may attack the execution of his sentence through a § 2241 motion in the district where he is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). However, any challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court. Id.; see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . ., and not in a habeas petition filed in the court of incarceration . . . under § 2241").

Because Littleghost is currently incarcerated at a federal correctional institution in Terre Haute, Indiana, he must bring any motion under § 2241 in that district. This Court does not have jurisdiction to consider such a motion.

This Court may recharacterize Littleghost's motion as one under § 2255, subject to some limitations. Castro v. United States, 540 U.S. 375, 383 (2003). In Castro, the Supreme Court

held that before the district court may recharacterize a habeas petitioner's motion as the petitioner's first § 2255 motion, it must warn the petitioner of the "second or successive motion" limitation and the one-year limitation.  540 U.S. at 383.  The Court limited a district court's reclassification powers as follows:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion.  In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.  If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

Id.

For Littleghost, his petition is his first habeas motion. Therefore, as required by Castro, the Court notifies Littleghost it intends to recharacterize the petition as a motion under 28 U.S.C. § 2255.  Section 2255 limits a habeas petitioner's ability to file a "second or successive motion":

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Section 2255 also contains a one-year limitation period. <u>Id.</u> Recharacterizing the petition would subject the petition to the second or successive limitation and the one-year limitation provided in § 2255. Therefore, Littleghost is provided the opportunity to withdraw his motion or amend it so that it contains all the § 2255 claims he believes he has.

### IV. Conclusion

Littleghost's motion is **RETURNED** to him so he may decide how to proceed. Littleghost shall notify the Court of his decision within **30 days** from date this order is entered.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2006.

_____
RODNEY S. WEBB, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

4