```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NORTH DAKOTA
                 NORTHEASTERN DIVISION
```

Whitney Grant Littleghost,          )
                                    )
                    Petitioner,     )
                                    )    Criminal No. 2:02-cr-84
          vs.                       )    Civil No. 2:05-cv-102
                                    )
United States of America,           )
                                    )
                    Respondent.     )


### ORDER

Before the Court is the Petitioner's motion to allow him to present his petition under 28 U.S.C. § 2255 directly to the Eighth Circuit Court of Appeals.  The Petitioner, Whitney Grant Littleghost, argues he should be allowed to proceed directly to the Court of Appeals because it was this Court that violated his constitutional rights.

In September 2005, Littleghost petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, arguing his sentence was unconstitutional in light of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004).  The petition was docketed as "MOTION Pursuant to 28 U.S.C. 2255" (doc. #36).  In an opinion and order filed August 4, 2006, this Court notified Littleghost of its intent to reclassify his section 2241 petition as a petition under 28 U.S.C. § 2255 (doc. #39).  However, before the

1

Court could reclassify the petition, it had to provide
Littleghost the opportunity to withdraw or amend his petition to
include all of his claims.  See Castro v. United States, 540 U.S.
375, 383 (2003) ("In such circumstances the district court must
notify the pro se litigant that it intends to recharacterize the
pleading, warn the litigant that this recharacterization means
that any subsequent § 2255 motion will be subject to the
restrictions on 'second or successive' motions, and provide the
litigant an opportunity to withdraw the motion or to amend it so
that it contains all the § 2255 claims he believes he has.")
Littleghost replied by filing the present motion, seeking
permission for direct appellate court review of his issues.

     Section 1291, 28 U.S.C., grants the courts of appeals
jurisdiction of appeals from all final decisions:  "The courts of
appeals . . . shall have jurisdiction of appeals from all final
decisions of the district courts of the United States, . . .
except where a direct review may be had in the Supreme Court."  A
"final decision" is a decision on the merits that ends the
litigation.  Dieser v. Cont'l Cas. Co., 440 F.3d 920, 924 (8th
Cir. 2006).  This Court's order returning Littleghost's petition
to him did not end this case in the district court.  The court of
appeals does not have jurisdiction to hear the issues presented,
so Littleghost's motion must be denied.

Therefore, Littleghost's motion requesting permission to present his issues directly to the Eighth Circuit Court of Appeals is **DENIED**.  In the interest of fairness, the Court grants Littleghost an additional **30 days** from the date this order is entered to notify the Court of whether he wishes to withdraw his section 2241 petition or amend it as a motion under 28 U.S.C. § 2255.  If Littleghost does not respond within **30 days**, the Court will assume Littleghost has chosen to withdraw his petition and dismiss it without prejudice.

   **IT IS SO ORDERED**.

   Dated this 13th day of September, 2006.


RODNEY S. WEBB, District Judge
United States District Court

3