```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NORTH DAKOTA
                  NORTHEASTERN DIVISION
```

Whitney Grant Littleghost,        )
                                  )
              Petitioner,         )
                                  )    Criminal No. 2:02-cr-84
        vs.                       )    Civil No. 2:05-cv-104
                                  )
United States of America,         )
                                  )
              Respondent.         )

## OPINION AND ORDER

**I.   INTRODUCTION**

Before the Court is a motion by petitioner, Whitney Grant Littleghost, brought under 28 U.S.C. § 2241 (criminal doc. #36). Littleghost has consented to reclassifying this petition as one under 28 U.S.C. § 2255 (doc. #42). For the reasons set forth below, the motion is **DENIED**.

**II.  BACKGROUND**

In December 2002, the United States indicted Littleghost with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In December 2003, Littleghost pleaded guilty. On March 16, 2004, he was sentenced to eighty-six months in prison. He did not appeal the sentence, and his judgment became final on March 26, 2004. See Fed. R. App. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed within ten days of entry of judgment).

On September 26, 2005, Littleghost petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, arguing his sentence was unconstitutional in light of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004).  Specifically, Littleghost argues the sentencing guidelines were used to enhance his sentence, which the Supreme Court has held unconstitutional, so his sentence was improper (doc. #36).

Littleghost's petition was docketed as "MOTION Pursuant to 28 U.S.C. 2255" (doc. #36).  This Court returned the petition to Littleghost to allow him to withdraw it or to consent to the reclassificaion of his § 2241 petition as a § 2255 petition, as required by Castro v. United States, 540 U.S. 375, 383 (2003) (doc. # 39).  On September 25, 2005, Littleghost consented to reclassifying his § 2241 petition as a § 2255 petition.

### III. DISCUSSION

Section 2255, 28 U.S.C., allows a prisoner an avenue to attack his sentence when he believes his sentence is unconstitutional.  This collateral attack must be brought within one year of the latest of the following:

    (1)  the date on which the judgment of conviction
         becomes final;
    (2)  the date on which the impediment to making a
         motion created by governmental action in violation
         of the Constitution or laws of the United States
         is removed, if the movant was prevented from
         making a motion by such governmental action;

>   (3)  the date on which the right asserted was initially
>        recognized by the Supreme Court, if that right has
>        been newly recognized by the Supreme Court and
>        made retroactively applicable to cases on
>        collateral review; or
>   (4)  the date on which the facts supporting the claim
>        or claims presented could have been discovered
>        through the exercise of due diligence.

28 U.S.C. § 2255 (2006).

Littleghost's judgment became final on March 26, 2004. To be timely under the first subsection of 28 U.S.C. § 2255, his petition had to be filed by March 26, 2005. It was not filed until September 2005. Therefore, his petition is untimely under that subsection of § 2255.

However, his petition could still be timely under one of the other subsections of § 2255. The only subsection that could arguably be applied is § 2255(3). However, the Supreme Court's rule in Booker "'does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings.'" Lefkowitz v. United States, 446 F.3d 788, 791 (8th Cir. 2006) (quoting Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005)). Therefore, Littleghost's petition is not timely under the third subsection of § 2255 because the Booker rule was not made retroactive to cases on collateral review. His petition is untimely and must be denied. Furthermore, even if his petition was timely, it still must be denied because he has not raised any valid arguments to challenge his conviction in light of the

Eighth Circuit's holding that Booker does not apply retroactively to cases on collateral review.

**IV. CONCLUSION**

Littleghost's petition under 28 U.S.C. § 2255 is **DENIED** and this action is **ORDERED DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2006.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court